1

NICHOLAS M. WAJDA (State Bar #259178)

2

Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC

3

11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064

4

Telephone: (310) 997-0471
Facsimile: (866) 286-8433

5

*Attorney for Plaintiff*

6

7

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISON**

8

9

| | |
|---|---|
| JENNIFER L. HAYES | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;** |
| CAPITAL MANAGEMENT HOLDINGS a/k/a GLOBAL FIRST GROUP, | **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.** |
| Defendant. | **DEMAND FOR JURY TRIAL** |

10

11

12

13

14

15

16

17

**COMPLAINT**

18

19

**NOW COMES** JENNIFER L. HAYES ("Plaintiff"), by and through her attorneys,

20

WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of Defendant CAPITAL

21

MANAGEMENT HOLDINGS a/k/a GLOBAL FIRST GROUP ("Defendant"), as follows:

22

**NATURE OF THE ACTION**

23

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act

24

("FDCPA") under 15 U.S.C. §1692 and the Rosenthal Fair Debt Collection Practices Act

25

("RFDCPA") pursuant to Cal. Civ. Code §1788, for Defendant's unlawful conduct.

26

27

28

1

**JURISDICTION AND VENUE**

2.   Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Eastern District of California, Defendant conducts business in the Eastern District of California, and all of the events or omissions giving rise to the claims occurred within the Eastern District of California.

**PARTIES**

4.   Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.   Defendant is a collection agency whose primary purpose is collecting or attempting to collect consumer debts owed or allegedly owed to others. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and/or telephone, including consumers in the State of California.

6.   Defendant's principle office is located at 15 Nelson Ave., Suite 80325, Staten Island, New York 10308.

7.    Defendant acted through its agents, vendors, employees, officers, members, directors, heirs, third party contractors, successors, assigns, principals, trustees, sureties, third-party contactors, subrogees, representatives and insurers at all times relevant to the instant action.

1

2

**FACTS SUPPORTING CAUSES OF ACTION**

8. Prior to the conduct giving rise to these claims, Plaintiff obtained an Ace payday loan

3

('subject debt').

4

9. Plaintiff was making timely payments on the subject debt until Plaintiff suffered

5

6

unforeseeable financial difficulties. Due to this financial hardship, Plaintiff was unable to continue

7

making payments on the subject debt, resulting in default.

8

10. Sometime thereafter, Defendant acquired the right to collect or attempt to collect on the

9

subject debt while Plaintiff was in default.

10

11. In or around May 2019, Defendant began placing collection calls to Plaintiff's cellular

11

telephone. Plaintiff ignored Defendant's calls to her cellular phone because Plaintiff does not

12

13

answer unfamiliar phone numbers.

14

12. Subsequently, Defendant called Plaintiff's father. Plaintiff's father did not answer

15

Defendant's phone call. Defendant left a voice message on Plaintiff's father's cellular phone. In

16

the voice mail message, Defendant provided a case number and falsely stated that it is in the process

17

of filing a lawsuit against Plaintiff in San Joaquin County. Defendant further provided a call back

18

19

number of (855) 204-3299. Defendant never identified itself to Plaintiff's father.

20

13. Plaintiff's father immediately contacted Plaintiff and explained to her the voice mail

21

message that Defendant left on his cellular phone.

22

14. Plaintiff immediately called Defendant back with the number that was provided in her

23

father's voice mail. Plaintiff connected with a representative of Defendant. Plaintiff provided the

24

case number that Defendant recorded in her father's voice mail message. Defendant then informed

25

26

Plaintiff that it is attempting to collect on the subject debt. Defendant further stated that if Plaintiff

27

did not satisfy the subject debt in 48 hours, then Defendant would file a legal action against Plaintiff.

28

Plaintiff asked Defendant to send her a letter in the mail to verify the subject debt. Defendant falsely

3

communicated to Plaintiff that it is not obligated to send her a letter in the mail, and if she wanted

a letter, she must obtain it through the original creditor.

15. At no time did Defendant communicate the mini-Miranda warning.

16. Defendant's conduct was false, misleading, and deceptive.

17. Furthermore, at no time did Defendant send Plaintiff any correspondences notifying her of

her rights pursuant to 15 U.S.C. §1692g.

### DAMAGES

18. Defendant's illegal conduct has severely disrupted Plaintiff's daily life and general well-

being.

19. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not

limited to, invasion of privacy, nuisance, emotional distress, anxiety, and embarrassment.

20. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of

counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

23. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arise out of a transaction

due or asserted to be owed or due to another for personal, family, or household purposes.

24. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the

collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones

to collect delinquent accounts allegedly owed to a third party.

25. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after

it was in default. 15 U.S.C. §1692a(6).

26. Defendant used the telephone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

27. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

28. Defendant violated 15 U.S.C. §§1692b(1), e, e(5), e(11), f , and g through its unlawful debt collection practices.

### a.   Violations of the FDCPA § 1692b

29. Defendant violated §1692b(1) when it contacted Plaintiff's father and left a voice mail message on his cellular telephone while failing to identify itself.

30. In the voice mail message, Defendant falsely stated that it is in the process of taking legal action against Plaintiff. Defendant used such conduct in order to confuse Plaintiff and her family, and embarrass Plaintiff into making a payment on the subject debt.

### b.   Violations of the FDCPA § 1692e

31. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to the collection of the subject debt.

32. Defendant violated §1692e(5) by threatening to take legal action against Plaintiff when it had no intentions on taking such actions.

33. Specifically, Defendant threatened to take legal action against Plaintiff if she did not satisfy the subject debt in 48 hours. Defendant had no intention on filing any legal actions against Plaintiff. Rather, Defendant used this false conduct in order to dragoon Plaintiff into making a payment on the subject debt through misleading means.

34. Furthermore, Defendant falsely stated to Plaintiff that it did not need to provided Plaintiff with a letter verifying the debt. Defendant falsely represented that if Plaintiff wanted a letter verifying the debt then she must obtain it from the original creditor.

35. Defendant violated §1692e(11) by failing to communicate the mini-Miranda waring to Plaintiff through its communications.

### c.  Violations of 15 U.S.C § 1692f

36. Defendant violated §1692f by using unfair and unconscionable means in connection to the collection of the subject debt.

37. Defendant unconscionably threatened to take legal actions against Plaintiff if she did not satisfy the subject debt in 48 hours. Defendant used such unfair conduct in order to scare Plaintiff into making a payment on the subject debt. Defendant had no intentions on taking legal actions against Plaintiff. Defendant only intended on scaring Plaintiff into paying the subject debt. Furthermore, Defendant falsely disclosed to Plaintiff's father that it filed a lawsuit against Plaintiff.

### d.  Violations of 15 U.S.C § 1692g

38. Defendant violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendant through its initial communication demanded payment of the subject debt from Plaintiff through the use of unfair means and failed to adequately send Plaintiff her right to dispute the validity of the subject debt within five days of the initial communication.

39. As pled above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, JENNIFER L. HAYES, respectfully requests that this Honorable Court grant the following:

    a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b.  Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c.  Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    d.  Award any other relief as the Honorable Court deems just and proper.

<u>COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT</u>

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

42. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

43. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

    **a.  Violations of RFDCPA § 1788.13(J)**

44. Defendant violated § 1788.13(j) by falsely representing that a legal proceeding will be instituted unless payment of the subject debt is made.

45. Specifically, Defendant's representative falsely represented to Plaintiff that if she did not satisfy the subject debt in 48 hours, then Defendant would take legal action against her. Defendant used such false representation in order to dragoon Plaintiff into making a payment on the subject debt through false representation.  Defendant intended to scare Plaintiff into satisfying the subject debt by falsely representing that Plaintiff only had 48 hours to satisfy the subject debt. Furthermore, Defendant falsely disclosed to Plaintiff's father that it filed a lawsuit against Plaintiff.

**WHEREFORE**, Plaintiff, JENNIFER L. HAYES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c.  Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d.  Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e.  Award any other relief as the Honorable Court deems just and proper.


Dated: May 30, 2019                          Respectfully submitted,

                                             By: /s/ Nicholas M. Wajda
                                             Nicholas M. Wajda
                                             WAJDA LAW GROUP, APC
                                             11400 West Olympic Boulevard, Suite 200M
                                             Los Angeles, California 90064
                                             Telephone: (310) 997-0471
                                             Email: nick@wajdalawgroup.com